Last revised: August 1, 2017

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

IN RE: **Lara Delazari-Diogo**

Case No.: **17-25496**
Judge: **RG**

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original    ☑ Modified/Notice Required    Date: **11/14/2017**
☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS WILL BE AFFECTED.**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☑ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney **CJB**    Initial Debtor: **L D**    Initial Co-Debtor

### Part 1: Payment and Length of Plan

a. The debtor shall pay **100.00 Monthly** to the Chapter 13 Trustee, starting on **December 1, 2017** for approximately **32** months.

b. The debtor shall make plan payments to the Trustee from the following sources:

1

☑ Future Earnings
☑ Other sources of funding (describe source, amount and date when funds are available): **$400 already paid into plan.**

c. Use of real property to satisfy plan obligations:
☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.
e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection        X NONE

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Scura, Wigfield, Heyer, Stevens & Cammarota, LLP** | **Administrative** | **Amount to be determined by further application to the court** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

2

**Part 4: Secured Claims**

**a. Curing Default and Maintaining Payments on Principal Residence:** ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankrupty filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

**c. Secured claims excluded from 11 U.S.C. 506:** ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☑ NONE

    1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

    2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

3

**e. Surrender** ☐ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| All Financial | 2015 Dodge Challenger | 17,500.00 | Surrendered in full satisfaction of creditor's claim |
| Weichert Financial Services | 3 Pierson Street Bloomfield, NJ 07003  Essex County | 309,000.00 | Surrendered in full satisfaction of creditor's claim |
| Wells Fargo Bank, N.A. | 3 Pierson Street Bloomfield, NJ 07003  Essex County | 309,000.00 | Surrendered in full satisfaction of creditor's claim |

**f. Secured Claims Unaffected by the Plan** ☑ NONE

The following secured claims are unaffected by the Plan:

| Creditor |
|---|

**g. Secured Claims to be Paid in Full Through the Plan** ☑ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|

## Part 5:  Unsecured Claims        ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐    Not less than $____ to be distributed *pro rata*

☐    Not less than ___ percent

☑    *Pro Rata* distribution from any remaining funds

b. **Separately Classified Unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|

## Part 6:  Executory Contracts and Unexpired Leases        ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|

## Part 7:  Motions        ☐ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be**

4

filed with the Clerk of Court when the plan and transmittal notice are served.

### a. Motion to Avoid Liens under 11 U.S.C. Section 522(f). ☑ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|

### b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured. ☑ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|

### c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

## Part 8:  Other Plan Provisions

a. **Vesting of Property of the Estate**
   ☑ Upon Confirmation
   ☐ Upon Discharge

b. **Payment Notices**
   Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

5

### d. Post-Petition Claims

The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9: Modification    ■ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: **10/20/2017**.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| **To surrender real property to Weichert Financial Services and personal property to Ally Financial.** | **Ally Financial and Weichert Financial Services added to Part 4, section e.** |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☑ No

**Part 10 : Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures
☑ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date    **November 14, 2017**    **/s/ Christopher J. Balala**
                                   **Christopher J. Balala 030732010 NJ**
                                   Attorney for the Debtor

Date:    **November 14, 2017**    **/s/ Lara Delazari-Diogo**
                                   **Lara Delazari-Diogo**
                                   Debtor

Date:                              _____
                                   Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s) if any, must sign this Plan.

Date    **November 14, 2017**    **/s/ Christopher J. Balala**
                                   **Christopher J. Balala 030732010 NJ**
                                   Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date:    **November 14, 2017**    **/s/ Lara Delazari-Diogo**
                                   **Lara Delazari-Diogo**
                                   Debtor

Date:                              _____
                                   Joint Debtor

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

```
                            United States Bankruptcy Court
                                 District of New Jersey
In re:                                                         Case No. 17-25496-RG
Lara Delazari-Diogo                                            Chapter 13
         Debtor
                              CERTIFICATE OF NOTICE
District/off: 0312-2          User: admin              Page 1 of 2            Date Rcvd: Nov 15, 2017
                              Form ID: pdf901          Total Noticed: 25

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 17, 2017.
db             +Lara Delazari-Diogo,    352 Memorial Parkway,    Bloomfield, NJ 07003-4263
516975381      +Barclays Bank Delaware,    P.o. Box 8803,    Wilmington, DE 19899-8803
516975382     ++CAPITAL ONE,   PO BOX 30285,    SALT LAKE CITY UT 84130-0285
                 (address filed with court: Capital One,    15000 Capital One Dr,    Richmond, VA 23238)
516975383      +Cb/anntylr,    Po Box 182273,    Columbus, OH 43218-2273
516975384      +Comenity Bank/anntylr,    Po Box 182273,    Columbus, OH 43218-2273
516975385      +Comenitybk/victoriasec,    Po Box 182789,    Columbus, OH 43218-2789
516975386      +Joey Fowler,    403 Briant Park Drive,    Springfield, NJ 07081-2169
516975387     #+Jose Diogo,    516 Schyler Ave.,    Kearny, NJ 07032-4102
517006966      +Nelnet on behalf of ECMC,    PO Box 16408,    St. Paul, MN 55116-0408
517136848      +Nordstrom, Inc.,    Jefferson Capital Systems LLC Assignee,    Po Box 7999,
                 Saint Cloud Mn 56302-7999
517013933      +U.S. Bank National Association Trustee (See 410),    c/o Specialized Loan Servicing LLC,
                 8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
517109615      +Weichert Financial Services,    1 Corporate Drive, Suite 360,    Lake Zurich, IL 60047-8945
516975392      +Wells Fargo Bank, N.A.,    420 Montgomery Street,    Attn: Bankruptcy Dept.,
                 San Francisco, CA 94104-1298

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Nov 15 2017 23:09:39     U.S. Attorney,   970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Nov 15 2017 23:09:37     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
cr             +E-mail/PDF: gecsedi@recoverycorp.com Nov 15 2017 23:06:44
                 Synchrony Bank c/o PRA Receivables Management, LLC,    PO BOX 41021,   Norfolk, VA 23541-1021
517027645       E-mail/Text: ally@ebn.phinsolutions.com Nov 15 2017 23:08:49     Ally Capital,   PO Box 130424,
                 Roseville MN 55113-0004
516975380      +E-mail/Text: ally@ebn.phinsolutions.com Nov 15 2017 23:08:49     Ally Financial,
                 200 Renaissance Ctr,    Detroit, MI 48243-1300
516975388      +E-mail/Text: electronicbkydocs@nelnet.net Nov 15 2017 23:09:41     Nelnet Loans,
                 6420 Southpoint Pkwy,    Jacksonville, FL 32216-0946
516975389      +E-mail/Text: bnc@nordstrom.com Nov 15 2017 23:09:03     Nordstrom Fsb,   13531 E Caley Ave,
                 Englewood, CO 80111-6505
517131253       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Nov 15 2017 23:13:10
                 Portfolio Recovery Associates, LLC,    c/o Barclaycard,   POB 41067,   Norfolk VA 23541
517107883       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Nov 15 2017 23:13:19
                 Portfolio Recovery Associates, LLC,    c/o Capital One Bank, N.a.,   POB 41067,
                 Norfolk VA 23541
516975390      +E-mail/PDF: gecsedi@recoverycorp.com Nov 15 2017 23:06:44     Syncb/care Credit,
                 C/o Po Box 965036,    Orlando, FL 32896-0001
516978923      +E-mail/PDF: gecsedi@recoverycorp.com Nov 15 2017 23:06:58     Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
516975391       E-mail/Text: bankruptcy@td.com Nov 15 2017 23:09:40     Td Bank N.a.,   70 Gray Rd,
                 Portland, ME 04105
                                                                                              TOTAL: 12

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            +Weichert Financial Services,    1 Corporate Drive, Suite 360,   Lake Zurich, IL 60047-8945
                                                                                   TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 17, 2017                              Signature:  /s/Joseph Speetjens

```
District/off: 0312-2                  User: admin                    Page 2 of 2                  Date Rcvd: Nov 15, 2017
                                      Form ID: pdf901                Total Noticed: 25
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 14, 2017 at the address(es) listed below:
              Christopher J. Balala    on behalf of Debtor Lara  Delazari-Diogo cbalala@scuramealey.com,
               ecfbkfilings@scuramealey.com;dsklar@scuramealey.com;ascolavino@scuramealey.com;dmedina@scura.com
              David L. Stevens    on behalf of Debtor Lara  Delazari-Diogo dstevens@scuramealey.com,
               cbalala@scuramealey.com;ecfbkfilings@scuramealey.com;dsklar@scuramealey.com;ascolavino@scurameale
               y.com;dmedina@scura.com
              Denise E. Carlon    on behalf of Creditor    U.S. Bank National Association, as Trustee Et Al...
               dcarlon@kmllawgroup.com,  bkgroup@kmllawgroup.com
              Denise E. Carlon    on behalf of Creditor    Citigroup Mortgage Loan Trust Inc., Mortgage
               Pass-Through Certificates, Series 2007-10, U.S. Bank National Association, as Trustee
               dcarlon@kmllawgroup.com,  bkgroup@kmllawgroup.com
              Marie-Ann  Greenberg    magecf@magtrustee.com
              Robert P. Saltzman    on behalf of Creditor    Weichert Financial Services dnj@pbslaw.org
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 7
```